UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA DE LA ROSA,<br><br>                              Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br><br>                              Defendant. | Case No.:  21-cv-1630-W-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>[ECF 15] |

On July 5, 2022, the parties filed a Joint Motion seeking to extend almost[1] every deadline set in the Court's November 19, 2021 Scheduling Order by 150 days, including five deadlines that have already passed.  (ECF 15.)  For the reasons set forth below, the Joint Motion is **GRANTED in part and DENIED in part**.

**I.    Joint Motion**

The parties' Joint Motion seeks to extend five deadlines in the Scheduling Order that have already passed, beginning with the March 8, 2022 deadline to complete fact discovery through the June 6, 2022 deadline to supplement disclosures under Rule

---

[1] The parties did not seek to extend the December 8, 2021 deadline to amend the pleadings.

1

26(a)(2)(D) and 26(e). (ECF 15 ¶ 10.) The parties also move to extend all deadlines that have not yet passed, from the July 6, 2022 deadline to complete expert discovery though the pretrial conference. (*Id.*)

As good cause for the lengthy extensions requested, the parties point to delays in completing Plaintiff's deposition, initially scheduled for December 17, 2021 and completed on April 4, 2022, (ECF 15 ¶¶ 2-6; Decl. of Daniel De La Cruz ¶¶ 3-7), and Plaintiff's counsel not discovering until May 16, 2022 that he had not received the Court's November 19, 2022 Scheduling Order (ECF 15 ¶ 16; Decl. of Christopher Garcia ¶¶ 2-3).

As to the late discovery of the Court's November 19, 2021 Scheduling Order, Plaintiff's counsel's declaration indicates he "discovered for an unknown reason, my office had not received this Court's November 19, 2021 Scheduling Order . . . through CM/ECF since its issuance by this Court" and explains that when co-counsel's email inbox was reviewed "in May 2022 there was no record of receiving the scheduling order although he had received the previous filings that had been served through CM/ECF in this matter." (Garcia Decl. ¶ 2.) The declaration then indicates that "[u]pon discovery that Plaintiff's counsel had not received the Scheduling Order I immediately notified Defendant's counsel of this discovery, Plaintiff's desire to take necessary depositions not yet taken, and sought to meet and confer toward filing the instant joint motion." (*Id.* ¶ 3.)

As to the discovery the parties have completed, the Joint Motion indicates the parties have exchanged initial disclosures, taken Plaintiff's deposition, and exchanged additional responsive documents. (ECF 15 ¶ 9; De La Cruz Decl. ¶ 9.) As to outstanding discovery , the parties indicate they "anticipate conducting more formal discovery in the immediate future, including Plaintiff's noticing and taking depositions of Defendant's relevant witnesses." (ECF 15 ¶; De La Cruz Decl. ¶ 9.)

The parties argue that "good cause exists for granting the Parties' joint request to amend the Scheduling Order so that all remaining dates and deadlines are continued by

an additional 150 days to allow the Parties to develop a sufficient factual record and complete all necessary discovery." (ECF 15 ¶ 10 (citing De La Cruz Decl. ¶ 9).)

For the reasons set forth below, the Court disagrees.

## II.    Legal Standard

### A.    Good Cause

A Scheduling Order may be modified only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent).  In the absence of good cause, the court will not modify the scheduling order.  *See Johnson v Mammoth Recreations, Inc.,* 975 F.2d 604, 608–09 (9th Cir. 1992); *see also* Judge Skomal's Chambers' Rules ("Chambers' Rules") III.C ("The dates and times set in the Scheduling Order will not be modified except for good cause shown.").

The inquiry under "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the party was not diligent, the inquiry should end.  *Id.* ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  *Johnson*, 975 F.2d at 609 (citations omitted).  The Chambers' Rules also remind counsel of "their duty of diligence and that they must 'take all steps necessary to bring an action to readiness for trial.'"  Chambers' Rule III.C (citing CivLR 16.1(b)).

### B.    Excusable Neglect

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P 6(b)(1); *see also* Chambers' Rule III(C)(3) ("When any motion to extend time is made after time has expired, Fed. R. Civ. P. 6(b)(1)(B) requires the parties to address excusable neglect*."); see also* November 19,

2021 Scheduling Order ¶ 23 ("The dates and times set forth herein will not be modified except for good cause shown or on a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)."). The determination of excusable neglect takes into account: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith. *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234–35 (D. Kan. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)).

### C. Chambers' Rules

Unopposed requests for extensions "must include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific discovery that has been conducted, and what specific discovery remains outstanding." Chambers' Rules III.C.1.

## III. DISCUSSION

As an initial matter, despite seeking to extend deadlines that passed, one almost four months ago, the Joint Motion does not address the excusable neglect standard that applies to a request to extend time when the deadline has passed. Although Plaintiff's counsel points to his lack of receipt of the Scheduling Order, there is no explanation why Plaintiff's counsel had not reviewed the case docket that included the Scheduling Order in the six months between its issuance on November 19, 2021 and Plaintiff's counsel discovery of it on May 16, 2022. Additionally, there is no explanation why Plaintiff waited an additional seven weeks after discovering the Scheduling Order to seek an extension from the Court. Since the discovery of the Scheduling Order on May 16, 2022 and the filing of this Joint Motion two additional deadlines passed. (ECF 8 ¶¶ 5-6 (May 23, 2022 and June 6, 2022 deadlines for expert disclosures and supplements).) Even if the Court attributed Plaintiff's counsel's lack of receipt of the Scheduling Order to a "technical glitch" as Plaintiff's counsel suggests to excuse failing to comply with the

three deadlines that had already passed, there is still no explanation for the delay in pursing an extension and the completion of discovery in the past seven weeks.

This deficiency in the parties' Joint Motion also demonstrates a lack of diligence. Putting aside the lack of diligence in not staying apprised of the schedule for an ongoing case for six months and proceeding to "take all steps necessary to bring [the] action to readiness for trial," even after realizing deadlines had passed and others would soon, the parties did not file this Joint Motion for an additional seven weeks. CivLR 16.1.b. This was not diligent. The amount of time that has passed since Plaintiff's counsel discovered the Scheduling Order would have been more than sufficient time for the parties to complete fact and expert discovery on a modified schedule. Instead, inexplicably, the parties waited seven weeks, one day before the July 6, 2022 deadline to complete expert discovery, to ask to extend almost every deadline in the Scheduling Order by five months. This was not diligent.

The parties have also failed comply with the Chambers' Rules. This is significant because the information required by the Chambers' Rules for a request for an extension is required to address the parties' diligence, or lack thereof, as well as provide the Court with necessary information to determine the proper length of any extension. As to fact discovery, as already discussed above, the parties have failed to provide "the specific reasons why deadlines cannot be met" because they do not explain the delay since May 16, 2022 even assuming the failure to stay apprised of the case schedule was excusable. Additionally, the parties failed to identify "what specific discovery remains outstanding." Chambers' Rules III.C.1. The Joint Motion vaguely indicates the parties "anticipate conducting formal discovery in the immediate future, including Plaintiff's noticing and taking depositions of Defendant's relevant witnesses." (ECF 15 ¶ 9.) Not only is this not sufficiently specific to justify any extension, and certainly not a five-month extension, but there is no explanation why any of this discovery was not pursued in the last seven weeks.

The Joint Motion does not address expert discovery at all. In this respect, the Joint Motion fails to detail "the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific discovery that has been conducted, and what specific discovery remains" as to expert discovery. Chambers Rule III.C.1. In not addressing expert discovery at all, the parties have certainly not demonstrated their diligence in completing it or in justifying any extension of it.

In summary, the parties have failed to comply with the Chambers' Rules, failed to show the diligence necessary for a showing of good cause, and failed to address excusable neglect as to the deadlines that have already passed. However, in an effort to move the case forward, the Court grants the parties an extension of fact discovery to **July 25, 2022**. No other deadlines in the Scheduling Order are extended. To the extent the parties seek to extend the fact discovery deadline further or any other deadlines, they must file a renewed joint motion that fully addresses every deficiencies noted above.

## IV. CONCLUSION

The Joint Motion is **GRANTED in part and DENIED** in part as set forth above

**IT IS SO ORDERED.**

Dated: July 6, 2022

_____
Hon. Bernard G. Skomal
United States Magistrate Judge