UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA DE LA ROSA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br><br>　　　　　　　　　　Defendant. | Case No.:  21-cv-1630-W-BGS<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>[ECF 13] |

　　　Defendant Costco Wholesale Corporation has filed a Motion for Sanctions seeking $ 6,884.38 in sanctions against Plaintiff Martha De La Rosa under Federal Rule of Civil Procedure 30(d)(2) and Federal Rule of Civil Procedure 37(d)(1)(A)(i). (ECF 13.) Plaintiff has filed an Opposition. (ECF 14.) For the reasons set forth below, the Motion is **DENIED**.

**I.　BACKGROUND**[1]

　　　Plaintiff's initial deposition, conducted remotely, was not completed because she was unable to properly view exhibits. (ECF 13 at 2-3; ECF 14 at 3.)  The screen she was

---

[1] The following summary is drawn from both parties' briefing and supporting declarations. (ECF 13-14.) There are differences in the parties' characterization of Plaintiff's conduct, the difference in the parties' factual summaries is minimal.

1 using for the remote deposition was scratched and too small. (ECF 13 at 2-3; ECF 14 at 3.) The remainder of her deposition was rescheduled for March 29, 2022 with assurances from Plaintiff's counsel that Plaintiff would not have the same issues at the rescheduled deposition. (ECF 13 at 3; ECF 14 at 3.) A week before the rescheduled deposition, Defendant's counsel asked if Plaintiff would prefer to do the remainder of the deposition in-person, and she declined. (ECF 13 at 3; ECF 14 at 3.) Plaintiff's brief explains that Plaintiff had previously become very seriously ill from Covid-19 and wanted to avoid the risk of exposure. (ECF 14 at 3.)

For the rescheduled deposition, Plaintiff indicates that she borrowed a laptop to avoid the screen issues encountered during the first deposition. (ECF 14 at 3.) Plaintiff appeared for her rescheduled remote deposition via Zoom, but her internet connection was poor, and this resulted in delayed and garbled audio, the screen freezing, and not being able to view documents. (ECF 13 at 3; ECF 14 at 3.) Defendant's brief states that Plaintiff indicated that nearby construction had been affecting her internet for a number of days. (ECF 13 at 3.) The deposition was cancelled as a result of poor connectivity issues. (ECF 13 at 3; ECF 14 at 2.) Defendant requested Plaintiff appear in-person to complete the deposition and she immediately agreed to avoid further issues. (ECF 14 at 3.) Plaintiff's deposition was completed in-person less than a week later on April 4, 2022. (*Id.*) When Defendant's counsel requested Plaintiff reimburse Defendant for the cancellation costs of the deposition, Plaintiff declined. (ECF 13 at 4.)

**II.    LEGAL STANDARD**

Defendant moves for sanctions under Rule 30(d)(2) and 37(d)(1)(A)(i). Under Rule 30(d)(2), "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 37(d)(1)(A)(i) states that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition."

## III. DISCUSSION

### A. Parties' Positions

Defendant argues Plaintiff should be required to pay the costs of her remote deposition and Defendant's attorney's fees for the deposition and this Motion. (ECF 13.) The sanctions sought consist of $1,229.38 in costs for a court reporter, videographer, and translator to conduct the deposition and $5,355.00 is attorneys' fees for the deposition and preparation of this Motion. (*Id.* at 4.) Defendant argues it is entitled to sanctions because Plaintiff could not proceed with her rescheduled deposition based on the same issues that impeded her first deposition, and Defendant had to pay the costs of the rescheduled deposition (*Id.* at 5-6.) Defendant also points to Plaintiff's assurances she would not have technological issues at the rescheduled deposition, her awareness that she was having connectivity issues based on nearby construction, and Defendant's offer to conduct the deposition in-person. (ECF 13 at 5.) Defendant argues this conduct was a constructive failure to appear comparable to appearing, but not being prepared to proceed, failing to attend at all, or cancelling at the last minute. (ECF 13 at 5 (citing *Billips v. NC Benco Steel, Inc.*, Case No. 5:10CV95-V, 2012 U.S. Dist. LEXIS 70952, at *8 (W.D. N.C. May 22, 2012); *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993); *Pine Lakes Int'l Country Club v. Polo Ralph Lauren Corp.*, 127 F.R.D. 471, 472 (D. S.C. 1989); *Edmonson v. LCW Auto. Corp.*, Case No. CV 07-03303-CAS (VVKx), 2009 WL 10675221, at * 2-4 (C.D. Cal. March 3, 2009)).)

Plaintiff first notes that Defendant has not cited any cases where a court sanctioned a party for connectivity or technology-related issues that delayed completion of a deposition and argues the cases Defendant relies on are distinguishable from this one. (ECF 14 at 4-6.) Plaintiff also asserts that she should not be sanctions because she did not purposefully or intentionally delay the deposition. (ECF 14 at 4.) Rather, she was ready and willing to proceed, but could not because of technological issued beyond her control. (ECF 14 at 4.) In short, Plaintiff argues she should not be sanctioned because she

appeared for her deposition and did not impede, delay, or obstruct her deposition . (*Id.* at 4-6.)

### B. Analysis

While there might be circumstances where a deponent that appears, but is unable to be deposed, constitutes a failure to appear under Rule 37(d)(1)(A)(i) or the deponent's conduct impedes, delays, or frustrates the examination under Rule 30(d)(2), that is not the case here. The only obstacle to the completion of the deposition was a problem with internet connectivity that was beyond Plaintiff's control. The Court recognizes encountering technological obstacles twice, even if different problems, is challenging. However, Plaintiff addressed the screen issue that arose on the first attempt to complete her deposition by borrowing a laptop and appearing for the rescheduled deposition. The only conduct identified by Defendant that could conceivably be considered delaying or frustrating the completion of her rescheduled deposition was not alerting Defendant that nearby construction had been affecting her internet in the days prior to the rescheduled deposition. That might have been a better course, but failing to raise it is not equivalent to failing to appear or obstructing, delaying, or frustrating the completion of her deposition.

Additionally, the cases relied on by Defendant to establish Plaintiff's conduct was a constructive failure to appear or conduct that impeded, delayed, or frustrated the completion of her deposition are distinguishable. Plaintiff did not leave the deposition. *See Billips*, 2012 U.S. Dist. LEXIS 70952, at *7-8 (Overruling objections to award of sanctions when deponent "physically le[ft] the deposition site."). She was prepared to proceed as to the subject of the deposition. *See Resolution Trust Corp.*, 985 F.2d at 197 (Awarding sanction when two Rule 30(b)(6) witnesses had no knowledge of the topic designated in the Rule 30(b)(6) notice). Plaintiff's deposition was also not cancelled at the last minute as a result of known scheduling conflicts. *See Pine Lakes Int'l Country Club*, 127 F.R.D. at 472 (Sanctions awarded when deposition was cancelled on less than one day's notice by noticing party when opposing counsel had already travelled to deposition location); *Edmonson*, 2009 WL 10675221, at * 2-4 (Awarding sanctions when

depositions were cancelled numerous times and deponents failed to appear for noticed depositions).

The Court finds sanctions are not justified under the circumstances.

**IV.  CONCLUSION**

The Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 27, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge